IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WEST AMERICAN INSURANCE
COMPANY,**

**Plaintiff,**

**v.**

**LOUIS MUND, ROBERT FURKIN,
REBECCA BROWN, PAUL FRIERDICH,
WILLIAM HAWN, ROBERT GUILANDER,
and MICHAEL FRIERDICH,**

**Defendants.**                                        **No. 06-CV-0293-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Defendants Brown and Furkin's motion to stay or dismiss in the alternative (Doc. 15). Western American Insurance Company opposes the motion (Doc. 23). Based on the following, the Court denies the motion to stay as to the duty to defend issue and grants the motion to stay as to the duty to indemnify.

Western American Insurance Company ("Western America") brought this Declaratory Judgment action pursuant to **28 U.S.C. § 2201** and **28 U.S.C. § 1332**, against Louis I. Mund, Robert Furkin, Rebecca Brown, Paul Frierdich, William Hawn, Robert Guilander, and Michael Frierdich (Doc. 1). Western American seeks a declaration by this Court that it does not owe duty to defend or indemnify Mund

pursuant to two commercial liability insurance policies issued to Mund by Western American. The issue in Western American's complaint stems from a St. Clair County, Illinois Circuit Court case containing claims of intentional misrepresentations, unjust enrichment, and forcible entry and unlawful detainer. ***Brown v. Mund*, Case No. 05-L-417**.[1]

## II. Analysis

Defendants Brown and Furkin argue that pursuant to the ***Colorado River*** doctrine that the Court should stay or in the alternative dismiss this cause of action because the proceeding in the St. Clair County Circuit Court is a parallel proceeding and that they are not necessary parties to this Declaratory Judgment action. Specifically, Brown and Furkin argues that the lawsuit in St. Clair County has the same parties, except Western American and the same issues, i.e. whether Michael Frierdich, Louis Mund and other named parties committed fraud on Brown and Furkin involving real estate located in Southern Illinois (Doc. 15, p. 2). Further, Brown and Furkin argue that since this Declaratory Action is a contract dispute between Western American and Mund and they are not parties to the insurance contracts they should be dismissed as Defendants. Defendants arguments miss the mark.

Under ***Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800(1976)**, where a concurrent state proceeding is pending, a district court

---

[1] On July 14, 2005, Furkin and Brown filed suit in St. Clair County, Illinois Circuit Court against Louis I. Mund, Paul Frierdich, William Hawn, Robert Guilander and Michael Frierdich.

may abstain from exercising jurisdiction if the circumstances are exceptional and if abstention would promote " 'wise jurisdictional administration.' " **Clark v. Lacy, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colo. River,* 424 U.S. at 818)**. However, abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colo. River,* **424 U.S. at 813 (stating that "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it") (quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959) (internal quotations omitted))**. *Colorado River* makes clear that district courts have a "virtually unflagging duty" to exercise federal jurisdiction when it exists. *Id.* **at 817** .

However, for actions brought under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201(a), the Supreme Court has developed a separate abstention doctrine under which district courts may more easily abstain from exercising jurisdiction. The FDJA states in relevant part that: "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking declaration, whether or not further relief is or could be sought." **28 U.S.C. § 2201(a) (emphasis added)**. The Supreme Court has interpreted this language as granting district courts discretion as to whether to

exercise jurisdiction under the statute. ***Wilton v. Seven Falls Co.,*** **515 U.S. 277, 286-88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (stating that " *Brillhart [v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)] makes clear that District Courts possess discretion in determining whether and when to entertain an action under the [Federal] Declaratory Judgment Act.)**. Thus, as construed by the Supreme Court, the FDJA essentially builds the abstention doctrine into the grant of jurisdiction. **Steven Plitt & Joshua D. Rogers,** *Judicial Abstinence: Ninth Circuit Jurisdictional Celibacy for Claims Brought Under the Federal Declaratory Judgment Act,* **Seattle U.L.Rev. 751, 757 (2004) (citing** ***Wilton,*** **515 U.S. at 282)**.

When a federal district court is asked to exercise its discretion to accept jurisdiction under the FDJA at the same time that a parallel case is pending in state court, the question of whether the district court should accept or deny jurisdiction is generally analyzed under the standard set forth in ***Brillhart***. Under such standard, courts must consider whether the controversy could be better settled in the state court proceeding, paying particular attention to the fact that it is ordinarily "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit when another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." ***Brillhart***, **316 U.S. at 495**. In ***Wilton***, the Supreme Court confirmed that the ***Brillhart*** test, not the "exceptional circumstances" standard set forth in ***Colorado River***, governs a district

court's exercise of discretion in a FDJA action when a parallel lawsuit is pending in state court.

In exercising its discretion under ***Brillhart***, the Seventh Circuit also requires courts to consider whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. ***Nationwide Ins. v. Zavalis,* 52 F.3d 689, 692 (7th Cir. 1995)**.

In ***Zavalis***, the University of Illinois filed suit in state court against several students who set fire to the Astroturf in its football stadium, Astroturf Industries, Inc. and an insurance company that issued a performance and warranty bond as to, among other things, the flammability of the Astroturf. ***Id.* at 690**. Nationwide Insurance, one student's insurance company, subsequently filed a declaratory judgment action in federal court seeking a declaration that it had no duty to defend or indemnify the student under its policy, which contained an exclusion for intentional property damage. ***Id.*** In addressing whether the district court's decision to abstain was appropriate, the Seventh Circuit began by noting that the issues in the two cases were distinct; Nationwide was not a party to the state court action and, as

such, its duty to defend and indemnify the student was not at issue there. **Id. at 693**. The Seventh Circuit noted, however, that to the extent the student's entitlement to a defense and indemnity depended on the nature of his conduct, the declaratory action might present factual questions that the state court had already been asked to decide. **Id.** The Seventh Circuit upheld the trial court's decision to abstain from the indemnity issue because it turned on the conduct underlying the state action. Under those circumstances, the "nature of the student's actions [was] a question properly left, in the first instance, to the court deciding the underlying suit." **Id. at 693**. By contrast, it held that the district court should not have abstained from hearing the duty to defend issue because the student's entitlement to a defense could be determined from the face of the complaint. **Id. Zavalis** necessarily informs the Court's decision here.

Courts in a declaratory judgment action may not determine whether the insured is actually liable nor may it determine any facts upon which the insured's liability is based. **State Farm & Casualty Co v. Hatherley, 250 Ill.App.3d 333 (Ill. App. 1993)**. However, where the issues in an underlying suit and declaratory judgment action are separable, deciding the question of coverage in a collateral proceeding prejudices no party. **Murph v. Urso, 88 Ill.2d 444, 445 (Ill. 1981)**.

Taking as true the allegations in the complaint, the Court finds that the issues in these cases are separable and that the **Colorado River** doctrine does not apply. While the cases are related, the issues contained in these two causes of action

are separate and distinct and the Court has jurisdiction to hear this case. Moreover, Western American is not named as a party in the state court case. Further, the Court finds that no party will be prejudiced by allowing the declaratory judgment action to proceed. The Complaint at bar asserts that Western American has not duty to defend or indemnify Mund. The underlying state court action alleges that Mund is liable for intentional misrepresentations, unjust enrichment, and forcible entry and unlawful detainer. Two completely different issues. Under Illinois law, the question of whether there is a duty to defend can be made by a court prior to the resolution of the underlying action. ***See Fremont Compensation Insurance Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill.App.3d 734, 738 (Ill. App. 1999)**. It is only when a duty to defend is found that the duty to indemnify will not be determined until adjudication of the action to be defended. ***Id***. Where no duty to defend is found, the court may also determine that there is no duty to indemnify. ***Id***. No issues upon which any party's liability may be based in the underlying action will be determined in the declaratory action. **See *Hatherley*, 250 Ill.App.3d at 336; *Fremont*, 304 Ill.App.3d at 738**. The duty to defend will be made and any determination of a duty to indemnify will await the decision in the underlying state court action and the decision regarding the duty to defend. No determination of facts necessary to the underlying case is required.

Lastly, the Court rejects Brown and Furkin's argument that they are not necessary parties to this lawsuit. To the contrary, Brown and Furkin are necessary

parties to this lawsuit.  ***See M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492 (Ill. 1977)("an injured party is a necessary party in a declaratory judgment action brought by an insurer against the insured regarding the insurer's obligation to provide coverage")**.

### III. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants Brown and Furkin's motion to stay or dismiss in the alternative (Doc. 15).  The Court **DENIES** the motion to stay as to the issue of duty to defend and **GRANTS** the motion to stay as to the issue of duty to indemnify.  The Court **STAYS** the duty to indemnify issue pending the outcome of the underlying state court action and a decision on the duty to defend issue.

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2006.

          /s/     David   RHerndon
**United States District Judge**