IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WEST AMERICAN INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**LOUIS MUND, ROBERT FURKIN, and REBECCA BROWN,**

**Defendants.**                                             **No. 06-CV-0293-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is West American's motion to strike Defendants Rebecca Brown and Robert Furkin's affirmative Defenses (Doc. 75). Based on the following, the Court grants the motion.

On April 11, 2006, West American Insurance Company ("Western American") brought this Declaratory Judgment action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332, against Louis I. Mund, Robert Furkin, Rebecca Brown, Paul Frierdrich, William Hawn, Robert Guilander and Michael Frierdich (Doc. 1).[1] Western American seeks a declaration by this Court that it does not owe a duty to defend or indemnify Mund pursuant to two commercial liability insurance policies

---

[1] As of this date, Defendants Mund, Rebecca Brown and Robert Furkin are the only remaining Defendants in this case.

issued to Mund.  On March 1, 2007, Rebecca Brown and Robert Furkin jointly filed an answer and affirmative defenses (Doc. 71).  Their affirmative defenses state:

> 1. The Plaintiff has insured claims for property damages which is clearly alleged in the Furkin/Brown Complaint.  The return of the property is also sought in the Furkin/Brown Complaint;
> 2. The Plaintiff has committed Fraud by knowingly participating in and profiting from the taking of premiums paid by Louis Mund who correspondingly committed fraud in the taking of the property referenced in the Furkin/Brown Complaint;
> 3. The Plaintiff should be estopped from denying coverage since its insured Louis Mund breached Fiduciary Duties as pled in the Furkin/Brown Complaint; and
> 4. The Plaintiff has through its own negligence settled with wrongdoers in privity with Louis Mund such as Michael Frierdich and thus foreclosed any rights of reimbursement they could seek from parties such as Michael Frierdich who was instrumental in the Fraud alleged in the Furkin/Mund Complaint.

Doc. 71, ¶ ¶ 1-4).  Thereafter, West American filed its motion to strike affirmative defenses (Doc. 75).  Specifically, West American argues that the affirmative defenses fail to plead fraud with particularity, that they contain bare conclusions, and that they fail to alleged particular facts asserting how or why Mund's alleged breach of fiduciary could lead to estoppel in a coverage context.  On March 13, 2007, Furkin and Brown filed their response (Doc. 76).  The Court finds that all four affirmative defenses must be stricken.

## II. Analysis

The **Federal Rules of Civil Procedure** require a party to set forth affirmative defenses in a responsive pleading.  **Fed. R. Civ. P. 8(c)**. Per **Rule 12(f)**, "the court may order stricken from any pleading any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." **Fed. R. Civ. P. 12(f)**.

Affirmative defenses, as pleadings, are subject to the pleading requirements of the **Federal Rules of Civil Procedure**. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, **883 F.2d 1286, 1294 (7th Cir. 1989)**. "The allegations must include either direct or inferential allegations respecting all material elements of the defense asserted. Narrated facts with bare legal conclusions are not sufficient." *Minalga v. Fidelity Investments Inst. Operations Co., Inc.*, **2002 U.S. Dist. LEXIS 22038, *3 (N.D. Ill.)**. However, motions to strike affirmative defenses are generally disfavored because they potentially serve only to delay. *Heller*, **883 F.2d at 1294.** Therefore, motions to strike affirmative defenses should only be granted when a defense is clearly insufficient on the face of the pleadings. *Id.*

The First affirmative defense alleges that West American insured the claims for property damage. This is not an affirmative defense. "An 'affirmative defense' is a defendant's assertion raising new facts and arguments that if true will defeat a plaintiff's or prosecution claim, even if all allegations in the complaint are true." *Moore's Manual–Federal Practice and Procedure*, **§ 9.10**. Instead of "raising new facts and arguments" that will defeat West American's claim "even if all allegations in the complaint are true," the First affirmative defense merely controverts a claim made in West American's Complaint. In effect, the First affirmative defense merely rehashes the parties' disagreement about whether the

"property damage" at issue was covered. In its Complaint, West American alleges that "[n]one of the damages claimed in the Furkin/Brown Complaint constitute 'bodily injury' or 'property damage' as conditioned by the 2000-2001 West American Policy." (Doc. 1, p. 10). In their Answer, Furkin and Brown deny this allegation (Doc. 71, p. 3). The mere reassertion that West American's policy covered the "property damage" at issue is redundant. Thus, the Court strikes this First affirmative defense.

The Second affirmative defense alleges fraud. Unlike most other affirmative defenses, fraud allegations must be pleaded with particularity. **Fed. R. Civ. P. 9(b)**. Generally, a party claiming fraud must allege: (1) the identity of the person making the misrepresentation; (2) the time, place, and content of the misrepresentation; and (3) the method by which the misrepresentation was communicated. ***Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)**. A party may be relieved of the particularity requirement if: (1) the facts are inaccessible, and (2) the party sets forth the grounds for the suspicion of fraud. ***Corley v. Rosewood Merchant Services, Inc.*, 142 F.3d 771, 777 (7th Cir. 1998)**. Here, the only allegation in the Second affirmative defense is that Mund committed fraud on Furkin and Brown, and West American knowingly accepted premiums from Mund, constituting fraud. This bare bones allegation falls woefully short of the particularity required for pleading fraud, and no facts were pled indicating Furkin and Brown deserved relief from the particularity requirement.

Accordingly, the Court strikes the Second affirmative defense.

Next, the Third affirmative defense alleges that West American should be estopped from denying coverage since Mund, breached his fiduciary duties to Furkin and Brown. The pleadings reveal no legal basis for an estoppel claim in this case. To properly assert an estoppel defense, three elements must be pleaded: (1) a party has acted; (2) another party reasonably relied on those acts; and (3) the latter party thereby changed its position for the worse. ***Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996)**. The Third affirmative defense alleges no actions of West American that led Furkin and Brown to reasonably rely on those acts and detrimentally change their position. As such, the Court strikes the Third affirmative defense.

Finally, the Fourth affirmative defense appears to allege contributory negligence. Since West American has not alleged negligence in its Complaint, a defense of contributory negligence is improper. ***LINC Finance Corp. v. Onwuteaka*, 1995 U.S. Dist. LEXIS 17825 (N.D. Ill. 1995)**; ***Minalga*, 2002 U.S. Dist. LEXIS at \*7 ("Plaintiff's complaint does not allege negligence. Accordingly, Defendants are improperly pleading contributory/ comparative negligence.")**. Therefore, the Court strikes the Fourth affirmative defense.

### III. Conclusion

Accordingly, the Court **GRANTS** West American's motion to strike Defendants Rebecca Brown and Robert Furkin's affirmative defenses (Doc. 75).

**IT IS SO ORDERED.**

Signed this 30th day of April, 2007.

/s/        David   RHerndon
**United States District Judge**